**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**CONSTELLIUM ROLLED PRODUCTS,**
**Employer Below, Petitioner**

**vs.)    No. 20-0812** (BOR Appeal No. 2055062)
                        (Claim No. 2017023510)

**WILLIAM E. LEONARD,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Constellium Rolled Products, by Counsel Alyssa A. Sloan, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). William E. Leonard, by Counsel Edwin H. Pancake, filed a timely response.

The issue on appeal is the addition of a condition to the claim. The claims administrator denied the addition of type two diabetes with left foot skin ulcer and left lower limb swelling, mass, and lump to the claim on October 19, 2018. The Workers' Compensation Office of Judges ("Office of Judges") modified the decision in its January 17, 2020, Order and added osteomyelitis with pathological fracture in the left foot to the claim. The Order was affirmed by the Board of Review on September 18, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions . . . .

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Leonard, a casting operator, developed a diabetic ulcer and left foot cellulitis in the course of his employment. March 31, 2017, treatment notes from Activate Healthcare indicate Mr. Leonard reported a chronic problem with left foot blisters. He stated that he has a significant history of foot blisters that take three to four months to heal. It was noted that Mr. Leonard is a diabetic who is noncompliant with his medication. The diagnoses were diabetes with foot ulcer, cellulitis of the left lower limb, ketonuria, and glycosuria.

Mr. Leonard was also treated at Pleasant Valley Hospital on March 31, 2017, for a left foot ulcer that appeared a month prior. Mr. Leonard was admitted for cellulitis. A left foot MRI showed possible osteomyelitis and cellulitis. On April 3, 2017, Mr. Leonard underwent debridement. Mr. Leonard was discharged the following day with the diagnoses of Methicillin resistant Staph Aureus osteomyelitis with cellulitis of the left foot, type II diabetes, and hypertensive cardiovascular disease.

Charlie Murray stated in a January 3, 2018, affidavit that he provides boots to the employees. There is an exemption to wearing the boots through a doctor's excuse. Mr. Leonard was given his boots on August 31, 2016, and since that time, he reported to the operations manager that the boots were uncomfortable. Mr. Leonard was advised to obtain an exemption through his physician but failed to do so. The claims administrator denied the addition of type two diabetes with left foot skin ulcer and left lower limb swelling, mass, and lump to the claim on October 19, 2018.

A left foot x-ray was performed on November 28, 2018, for an open wound on the left big toe and a knot on the foot. The x-ray showed chronic osteomyelitis of the fifth toe base with a pathologic fracture and significant periosteal reaction. There was no definite osseous erosion of the great toe. Mr. Leonard was treated by Whitney Watterson, FNP-BC, on December 5, 2018, for follow up and management of his wound. Mr. Leonard was referred to orthopedics for a pathological fracture. The diagnoses were left ankle and foot chronic multifocal osteomyelitis and unspecified open left big toe wound. The request for a referral to orthopedics was denied on

2

January 29, 2019, because osteomyelitis with pathological fracture is not a compensable claim. The claims administrator noted that the compensable conditions in the claim are diabetic ulcer and left foot cellulitis.

In a February 4, 2019, treatment note, Ms. Watterson noted that the diagnoses remained the same and opined that Mr. Leonard required treatment by orthopedics as soon as possible. A left foot x-ray was performed on February 4, 2019, which showed no new fractures but did show soft tissue swelling and pathological fracture due to osteomyelitis involving the fifth toe on the left foot. A February 12, 2019, left foot MRI showed degenerative changes, an old, healed fracture in the fourth metatarsal, and pathological comminuted fracture in the fifth metatarsal. There was evidence of cellulitis and osteomyelitis, but no measurable abscess was seen.

On February 18, 2019, the claims administrator denied authorization of a request from Pleasant Valley Hospital for a transfer to St. Mary's Hospital because such treatment was not necessary for a compensable injury. The claims administrator denied authorization for Vancomycin and Per Diem Q12h on February 18, 2019, because such treatment was not necessary or related to a compensable condition in the claim.

Mr. Leonard testified in a May 29, 2019, deposition that he developed a left foot ulcer in 2017, which was held compensable. In November of 2018, his ulcer returned, and he was again unable to work. In the course of treatment for his wound, it was discovered that Mr. Leonard had a bone infection and a broken foot. Mr. Leonard testified that the knot in his left foot developed after he underwent surgery for his compensable ulcer. Mr. Leonard stated that after he returned to work following his first ulcer, he switched to boots that did cause skin issues on his feet. He wore those boots for approximately a month until a safety issue required him to wear the old boots.

Christopher Martin, M.D., performed an Independent Medical Evaluation on August 19, 2019, in which he opined that Mr. Leonard's osteomyelitis and cellulitis resulted from his skin ulcer. He stated that the infection spread from the skin, into the underlying soft tissue, and then into the bone, weakening the fifth metatarsal until it broke. Dr. Martin noted that there is clear medical evidence that Mr. Leonard was developing blisters on his feet even when he was off of work. Dr. Martin noted that Mr. Leonard was treated on December 27, 2018, at the wound clinic and it was noted at that time that he was made aware that he had developed a small blister on his big toe. Dr. Martin stated that it was not uncommon for people with diabetes to be unaware of blisters because they sometimes cannot feel them due to peripheral neuropathy. Dr. Martin also noted a June 28, 2017, treatment note by Dr. Fine, in which it was noted that Mr. Leonard had a bony mass around the fifth metatarsal and the skin around such knot was reactive. Mr. Leonard was advised to modify his sneakers for more room around the knot. Dr. Martin stated that this incident occurred at a time that Mr. Leonard was not working. Dr. Martin opined that it was not possible to a reasonable degree of medical certainty to contribute Mr. Leonard's condition to his work duties. He reiterated that diabetic ulcers often go unnoticed until they are advanced and such ulcers can be caused by very minor skin damage. In an October 19, 2019, addendum to his evaluation, Dr. Martin opined that Mr. Leonard's current condition is the result of his preexisting, untreated diabetes. He stated that he does not feel that there is evidence to support that any aspect of Mr. Leonard's condition is the result of his work.

3

In its January 17, 2020, Order, the Office of Judges modified the claims administrator's October 19, 2018, decision and added osteomyelitis with pathological fracture in the left foot to the claim. It found that Mr. Leonard testified in a deposition that his initial injury was a left foot ulcer that developed as a result of his work required boots, for which he underwent surgery. Following the surgery, Mr. Leonard developed a knot where the surgery was performed. When Mr. Leonard initially returned to work, he started wearing a different pair of boots that did not cause him any foot problems. However, those boots did not meet safety standards, and Mr. Leonard was required to go back to wearing the boots that caused the original injury. Shortly thereafter, Mr. Leonard again developed left foot issues. The Office of Judges concluded that Mr. Leonard's new left foot issues were a continuation of his previous injury. Mr. Leonard filed a new claim for osteomyelitis and a skin ulcer, but the claim was denied. The claims administrator stated that the conditions were a continuation of the original injury. The Office of Judges noted that Dr. Martin opined that Mr. Leonard's left foot problems were not work-related because the symptoms began at a time that Mr. Leonard was not working. However, it was noted by Dr. Fine on June 28, 2017, that Mr. Leonard was developing erythema where the original ulcer began. Further, Dr. Martin opined that the osteomyelitis with pathological fracture in the left foot developed because the infection from the original ulcer migrated into the bone, causing it to break. The Office of Judges concluded that osteomyelitis with pathological fracture in the left foot should be added to the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 18, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The standard for the addition of conditions to a claim is the same as for compensability. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). A preponderance of the evidence indicates that Mr. Leonard's osteomyelitis with pathological fracture in the left foot developed as a result of his prior compensable ulcer.

Affirmed.

**ISSUED: March 23, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment

4